# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| WILLIAM A. MARTIN,  Petitioner, | Case No. 1:17-cv-715 |
| vs. | Dlott, J.  Bowman, M.J. |
| BILL MORRISON, DIRECTOR, BUTLER COUNTY CSEA,  Respondent. | **ORDER AND REPORT AND RECOMMENDATION** |

Petitioner has filed a motion for leave to proceed *in forma pauperis* (Doc. 3) along with a "Notice of Petition Writ of Habeas Corpus Void Support Order for Violation of Due Process" (Doc. 3-1).[1] Petitioner's motion for leave to proceed in forma pauperis (Doc. 3) is **GRANTED**. For the reasons set forth below, however, the Court recommends that petitioner's habeas corpus petition (Doc. 3-1) be dismissed with prejudice on the ground that this Court lacks jurisdiction to consider it.

On October 30, 2017, this Court entered an Order to show cause why this case should not be dismissed for lack of subject matter jurisdiction because it did not appear from the face of the petition that petitioner was "in custody" when he filed the petition. *See* 28 U.S.C. §§ 2254(a) and 2241(c)(3). (Doc. 2, at PageID 16-17). Petitioner filed a response on November 27, 2017. (Doc. 4).

Upon review of the petition that petitioner seeks to file (Doc. 3-1) as well as petitioner's response (Doc. 4) to the Court's October 30, 2017 show cause Order (Doc. 2), the undersigned finds that the petition is subject to dismissal with prejudice for lack of jurisdiction under Rule 4

---

[1] Petitioner's application to proceed *in forma pauperis* and an exhibit attached to his habeas petition contained privacy information subject to redaction under Rule 5.2(a), Fed. R. Civ. P. The Court directed the Clerk of Court to redact the privacy information, to electronically file the redacted *in forma pauperis* application and exhibit, and to seal the original *in forma pauperis* application and exhibit. (Doc. 2, at PageID 17). The Court refers herein to the redacted versions of petitioner's submissions. (*See* Doc. 3).

of the Rules Governing Section 2254 Cases in the United States District Courts.[2]

From the petition and the exhibit attached thereto (Doc. 3-1), petitioner appears to be challenging a January 20, 2017 amended Income Withholding for Support Order for child support payments. (*See* Doc. 3-1, Exh., p. 1 of 5 (lower right corner)).

Petitioner does not indicate under which federal habeas statute he brings his challenge. Accordingly, this Court finds this action to be governed by the general habeas statute, 28 U.S.C. § 2241, as opposed to 28 U.S.C. § 2254, which applies to petitioners who are in custody pursuant to the judgment of a state court. *See* 28 U.S.C. § 2254(a). However, notwithstanding whether § 2241 or § 2254 applies, this action should be dismissed with prejudice for lack of jurisdiction.

"The federal habeas corpus statutes give the United States district courts jurisdiction to review habeas corpus petitions only from persons '*in custody* in violation of the Constitution or laws or treaties of the United States.'" *McClure v. Villa in Park HOA*, No. 1:07-cv-366, 2007 WL 2046799, at *1 (S.D. Ohio May 22, 2007) (Hogan, M.J.) (Report & Recommendation) (quoting 28 U.S.C. §§ 2241(c)(3) and 2254(a) (emphasis original)), *adopted*, 2007 WL 2021855 (S.D. Ohio Jul. 6, 2007) (Dlott, J.). A "civil judgment requiring [a petitioner] to pay child support does not . . . constitute custody" for purposes of 28 U.S.C. §§ 2241 or 2254. *Sevier v. Turner*, 742 F.2d 262, 269 (6th Cir. 1984).

In any event, courts that have considered the issue have consistently held out of "deference to state expertise in the field of domestic relations" that the extraordinary remedy of a writ of habeas corpus is not available, and indeed would be "inappropriate," in such cases. *See, e.g., Castorr v. Brundage*, 674 F.2d 531, 535-36 (6th Cir. 1982); *see also Lehman v. Lycoming*

---

[2]Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court "must promptly examine" habeas petitions forwarded by the clerk for initial review and "must dismiss" a habeas petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *See* 28 U.S.C. foll. § 2254.

*Cty. Children's Services*, 458 U.S. 502, 515-16 (1982) (holding that "§ 2254 does not confer federal-court jurisdiction" in cases involving child-custody disputes); *Jacobson v. Summit Cty. Children Services Bd.*, 202 F. App'x 88, 909 (6th Cir. 2006) (relying on *Lehman* in holding that the court lacked habeas jurisdiction to review the state court's judgment involuntarily terminating parental rights); *Collier v. Petro*, No. 1:05-cv-2908, 2007 WL 81849, at *5 (N.D. Ohio Jan. 8, 2007) (holding that the petitioner was "forbidden from" seeking to "overturn the Ohio Supreme Court's decision in his state-court child visitation battle by way of a habeas Petition" because "district courts clearly lack jurisdiction over state court child custody decisions").

Indeed, it is well settled that federal courts generally lack jurisdiction over domestic relations matters, including child support, "even when those questions are presented in the guise of a federal question." *See Robinson v. Michigan*, No. 1:09cv564, 2009 WL 3011225, at *3 (W.D. Mich. Sept. 16, 2009) (and numerous cases cited therein); *see also Stephens v. Hayes*, 374 F. App'x 620, 623 (6th Cir. 2010) ("[u]nder the principles of comity and deference to state expertise in the field of domestic relations," and in accordance with the court's "consistent policy," the Sixth Circuit "decline[d] to exercise jurisdiction" over claims that constituted collateral attacks on state-court judgments pertaining to child custody); *Lee v. Johnson-Wharton*, No. 1:14cv868, 2014 WL 7015178, at *4 (S.D. Ohio Dec. 11, 2014) (Dlott, J.; Litkovitz, M.J.) (relying on *Stephens* and *Sefa v. Kentucky*, 510 F. App'x 435, 437-38 (6th Cir. 2013), in holding that the district court lacked jurisdiction to consider claims couched in terms of a civil rights action, which essentially amounted to a collateral attack of a state-court judgment terminating the plaintiff's parental rights). The *Rooker-Feldman* doctrine, which generally prohibits federal

district courts from entertaining appeals from cases already litigated in state court,[3] also is applicable to the extent that the petitioner is complaining about state court rulings issued against him before the instant action commenced and is inviting this Court to review and reject those determinations. *See Lee,* 2014 WL 7015178, at *3 (holding that the district court also lacked jurisdiction under the *Rooker-Feldman* doctrine to reverse the state court's decision terminating the plaintiff's parental rights).

Accordingly, in sum, because it plainly appears that this Court lacks jurisdiction to consider the petitioner's habeas corpus petition, the petition should be dismissed with prejudice at the screening stage. *See* Rule 4, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254; *see also Parks v. Warden*, No. 1:16-cv-992, 2016 WL 6084016, at *2-3 (S.D. Ohio Oct. 17, 2016) (Litkovitz, M.J.) (Report & Recommendation), *adopted*, 2016 WL 7046025 (S.D. Ohio Dec. 2, 2016) (Bertelsman, J) (summarily dismissing with prejudice habeas corpus petition for lack of jurisdiction where the petitioner challenged an order regarding his obligation to make child support payments).

## IT IS THEREFORE ORDERED THAT:

1. Petitioner's motion for leave to proceed in forma pauperis (Doc. 3) is **GRANTED**.

## IT IS THEREFORE RECOMMENDED THAT:

1. The petitioner's *pro se* petition for a writ of habeas corpus (Doc. 3-1), construed as governed by 28 U.S.C. § 2241, be **DISMISSED** with prejudice on the ground that this Court lacks jurisdiction to consider it.

2. A certificate of appealability should not issue because petitioner has not stated a "viable claim of the denial of a constitutional right," nor are the issues presented "adequate to

---

[3] *See District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *see also Exxon Mobile Corp. v. Saudia Basic Indus. Corp.,* 544 U.S. 280, 284 (2005); *Lawrence v. Welch*, 531 F.3d 364, 368 (6th Cir. 2008); *United States v. Owens*, 54 F.3d 271, 274 (6th Cir. 1995).

deserve encouragement to proceed further." *See Slack v. McDaniel,* 529 U.S. 473, 475 (2000) (citing *Barefoot v. Estelle,* 463 U.S. 880, 893 & n.4 (1983)); *see also* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

    3.  With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and, therefore, should **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

                                        *s/ Stephanie K. Bowman*
                                        Stephanie K. Bowman
                                        United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

WILLIAM A. MARTIN,                                  Case No. 1:17-cv-715
    Petitioner,

                                                   Dlott, J.
vs.                                                 Bowman, M.J.

BILL MORRISON,
DIRECTOR, BUTLER COUNTY CSEA,
    Respondent.

**NOTICE**

    Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).